MONA L. REDFERN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Redfern v. Commissioner
Docket No. 13561-89
United States Tax Court
T.C. Memo 1990-407; 1990 Tax Ct. Memo LEXIS 424; 60 T.C.M. (CCH) 384; T.C.M. (RIA) 90407; August 2, 1990, Filed *424 Decision will be entered for the respondent. Mona J. Redfern, pro se. Thomas E. Ritter, for the respondent. PARR, Judge. PARR
MEMORANDUM OPINION This matter is before the Court on respondent's motion to dismiss under Rule 104 [1] and for damages under section 6673. Respondent determined the following deficiencies in and additions to petitioner's Federal income tax: Additions To Tax Under Sections
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654
6661
1982
$  8,736
$ 2,184
$ 437
* $ 850
$ 2,184
1983
9,064
2,266
453
**
555
2,266
1984
9,720
2,430
486
**
611
2,430
1985
10,183
2,546
509
**
583
2,546
*425 On January 19, 1990, the Court served a Notice Setting Case for Trial at the trial session in Helena, Montana, on June 18, 1990. A Standing Pre-Trial Order was also served upon the parties. The Notice Setting Case for Trial states in part: The calendar for that Session will be called at 10:00 A.M. on that date and both parties are expected to be present at that time and be prepared to try the case. YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU. The Notice Setting Case for Trial and the Standing Pre-Trial Order required the parties to cooperate and to stipulate facts to the maximum extent possible. As early as January 30, 1990, respondent sought to meet with petitioner on an informal basis, avoid formal discovery, and fully stipulate mutually agreed facts and evidence. As early as February 6, 1990, respondent advised petitioner of her obligation *426 to cooperate and that if she failed to do so, he would seek dismissal of her case and request that she be penalized under section 6673. Petitioner refused to meet with respondent's counsel. On March 2, 1990, respondent served interrogatories upon petitioner pursuant to Rule 71, and on March 22, 1990, respondent served a request for admissions and a request for production of documents upon petitioner pursuant to Rules 90 and 72, respectively. Petitioner did not respond. On May 4, 1990, respondent filed a motion to dismiss and for damages (motion) with the Court. On May 14, 1990, the Court issued the following order: ORDERED that petitioner shall, on or before May 25, 1990, serve on counsel for respondent answers to each interrogatory served on petitioner on March 2, 1990. An evasive or incomplete answer will be treated as a failure to answer. It is further ORDERED that petitioner shall, on or before May 25, 1990, produce to counsel for respondent those documents requested in respondent's request for production of documents served on petitioners on March 22, 1990. An evasive or incomplete response will be treated as a failure to respond. It is further ORDERED that *427 petitioner shall, on or before May 25, 1990, file any motion to withdraw or modify the matters deemed admitted by petitioner's failure to timely respond to respondent's request for admissions served on petitioners on March 22, 1990, pursuant to Rule 90(f). A denial shall fairly respond to the substance of the requested admission. It is further ORDERED that the Court may impose sanctions upon petitioner pursuant to Rule 104, including dismissal of this case, if petitioner fails to timely obey this Order. Respondent's motion to dismiss and for damages will be held in abeyance pending any response by petitioner to this Order. At the request of petitioner and her husband, Pascal Redfern, a telephone conference between the Court, respondent's counsel, petitioner, and Pascal Redfern took place on May 23, 1990. (Pascal Redfern is petitioner in a separate case for the years 1982 through 1985.) Respondent agreed to mail petitioner a copy of everything in petitioner's case file after eliminating any written mental impressions of the revenue agent. The Court reiterated that petitioner must respond to respondent's discovery requests on or before May 25, and fully notified petitioner of *428 her obligations and duties pursuant to the trial on June 18, 1990. On May 29, 1990, the Court received a number of meritless motions signed jointly by petitioner and Pascal Redfern. Also included were "answers" to respondent's discovery requests, which were signed only by petitioner. Petitioner answered most of the interrogatories by writing "none." Other answers provided minimal information or stated that respondent already had the information. Petitioner responded to the document request by asserting respondent had the information, or that there were no such documents. As to the requested admissions, petitioner asserted she was "not required" to file Federal income tax returns for the years in issue, that respondent had the information, or she denied the admission. On June 18, 1990, the case was called from the trial calendar. No appearance was made by or on behalf of petitioner. Respondent filed written motions to dismiss and for damages with the Court at that time. The Court may dismiss a case for failure to properly prosecute if a party unexcusably fails to appear when the case is called for trial. Rule 149(a). Petitioner was notified of this fact both in the Notice *429 Setting the Case for Trial and in the telephone conference between the Court, respondent's counsel, petitioner, and Pascal Redfern. Furthermore, in an order dated June 11, 1990, denying petitioner's "Motion for a Phone Conference to Set Up Trial Date on June 18," this Court ordered petitioner to appear at the time and place set forth in the Notice Setting Case for Trial. Nevertheless, no appearance was made by or on behalf of petitioner when the case was called for trial. Therefore, dismissal is warranted in this case for failure to properly prosecute. Since we have dismissed petitioner's case for failure to properly prosecute under Rule 149(a), respondent's motion to dismiss under Rule 104 is moot. We next consider that part of respondent's motion which seeks the imposition of damages under section 6673. Whenever it appears to the Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay, that the taxpayer's position in such proceeding is frivolous or groundless, or that the taxpayer unreasonably failed to pursue available administrative remedies, the Court may require the taxpayer to pay to the United States a penalty not in *430 excess of $ 25,000. Sec. 6673(a). [2]
Respondent repeatedly advised petitioner that if she failed to cooperate he would have no alternative but to seek dismissal of her case and request that she be penalized under section 6673. We gave petitioner over 60 days to answer respondent's discovery requests, and informed her that if the answers were evasive or incomplete they would be treated as a failure to respond. Nevertheless, petitioner filed her answers four days late and provided little to no information. Petitioner's continued stonewalling indicates an intent to delay discovery and the ultimate resolution of this case. Furthermore, her failure *431 to appear at trial convinces us that petitioner is maintaining this proceeding primarily for delay. Accordingly, we hold that petitioner has maintained this case primarily for delay, and require petitioner to pay to the United States a penalty under the authority of section 6673 of $ 2,000. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue.↩
*. 50 percent of the interest due on $ 8,441.↩
**. 50 percent of the interest due on the deficiency.↩
2. The Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, sec. 7731(a), 103 Stat. 2106, changed the term "damages" to "penalty" and increased the amount which can be awarded to the United States from $ 5,000 to $ 25,000. These changes are applicable to positions taken after December 31, 1989, in proceedings which are pending or commenced after such date.↩